[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
In this case the plaintiff and the defendant lived together as husband and wife, although never married, from approximately 1970 until 1995. During the course of their cohabitation, three pieces of real estate were acquired. In 1978, a two family home at 41 Steven Street in New Haven was purchased and occupied by the parties. They occupied the first floor and rental from the second floor was used to pay the mortgage. The defendant made the down payment on the home, took out the mortgage and title was in her name alone.
In 1983, the parties moved to a one family home at 46 Watson Street. The defendant made the down payment on the home from her savings, took out a mortgage and title was in her name alone.
In 1990, a home in Georgia was purchased in the names of both parties and on this occasion each party contributed $4,000 towards the down payment. The defendant, in addition to her $4,000, paid all closing costs and attorneys' fees.
In 1995, the defendant forced the plaintiff to leave the home on Watson Street, where the defendant still lives. The defendant still owns both the Steven Street and Watson Street properties and the Georgia property remains in joint names with right of survivorship.
In this case the plaintiff is seeking in the first count that the court order legal title to one half the Stevens Street and Watson Street properties be transferred to him. He has withdrawn any request with respect to the Georgia property.
In the second count the plaintiff is seeking the return of certain personal property which he claims belongs to him and is located at the Watson Street home.
The defendant denies that the plaintiff has any ownership interest in the two properties claimed in the first count. On the second count she indicates that there are a few items at the CT Page 953 house which the plaintiff may have but that most of these items were thrown out several years ago.
The case comes down to one of credibility between the parties. The plaintiff claims that while he did not contribute to the purchase of either house, he did give the defendant $200 per week during their relationship which was used to pay family expenses including the mortgages, and that he contributed money and effort over the years in maintaining the two properties. He claims that there was an agreement between the parties that by reason of their relationship, the use of joint money, money provided by the plaintiff to the defendant, and the services and materials furnished by the plaintiff to the real estate, that he was to be a 50% owner in the real property acquired by the parties during their relationship. The defendant denies that the plaintiff gave her $200 a week, claims that his contributions and efforts with respect to maintaining the real estate was very minimal, and denies any agreement of joint ownership as claimed by the plaintiff.
It is not necessary for the court to analyze or discuss the evidence in this case. The court heard each party testify. The court finds the testimony given by the defendant to be credible and worth of belief while the testimony of the plaintiff was inconsistent, confused and not credible.
The court finds, on the first count, that the plaintiff has failed to prove the essential allegations of his complaint.
On the second count the court finds that the defendant offered to return the plaintiff's belongings to him three and a half years ago, shortly after they separated, and the plaintiff took no steps to obtain his property. The defendant had a right to assume that the plaintiff no longer wanted the items and she was entitled to dispose of them. If the defendant still has any such items, as she indicated in court, then these should be returned to the plaintiff.
Judgment may enter in favor of the defendant on both counts. No costs are to be taxed to either party.
Hadden, Judge Trial Referee CT Page 954